J-S33029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDALL A. DAVIS | |
| Appellant | No. 1541 WDA 2015 |

Appeal from the PCRA Order September 9, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000558-2013

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                               **FILED MAY 18, 2016**

Appellant, Randall A. Davis, appeals from the order entered on September 9, 2015 dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On this appeal from the denial of PCRA relief, Appellant's court-appointed counsel filed a motion to withdraw as counsel and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we conclude that counsel fulfilled the procedural requirements of **Turner/Finley**, and this appeal is without merit, we grant counsel's motion to withdraw as counsel and affirm the PCRA court's order dismissing Appellant's PCRA petition.

_____
* Former Justice specially assigned to the Superior Court

The relevant factual and procedural history of this case is as follows. On June 14, 2013, Appellant was arrested while in possession of three bags of cocaine totaling 23.5 grams. On October 28, 2013, Appellant pled guilty to possession with intent to deliver a controlled substance.[1] On December 18, 2013, the trial court sentenced Appellant to three to six years' imprisonment. Appellant did not file a direct appeal. On May 26, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and an amended PCRA petition was filed. On August 18, 2015, the PCRA Court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. On September 9, 2015, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.[2]

Counsel presents one issue for our review in his *Turner/Finley* brief:

> Should the Appellant [be] entitled to relief under the [PCRA] for a sentence now determined to be illegal after the time for filing a petition under the [PCRA] has expired[?]

*Turner/Finley* Brief at 4 (complete capitalization removed).

Prior to addressing the merits of the issues raised in counsel's *Turner/Finley* brief, we must determine whether he met the procedural requirements to withdraw as counsel. Counsel seeking to withdraw in PCRA proceedings

---

[1] 35 P.S. § 780-113(a)(30).

[2] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

> must review the case zealously. [C]ounsel must then submit a "no-merit" letter to the [PCRA] court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner/Finley*, the court . . . must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (internal alteration, ellipses, and citation omitted). If counsel fulfills these procedural requirements, we must then independently review the record and determine whether the issues raised are indeed non-meritorious. In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel.[3] Therefore, we turn to the lone issue raised in counsel's *Turner/Finley* brief.

The lone issue raised in counsel's *Turner/Finley* brief is whether Appellant satisfied one of the PCRA's timeliness exceptions. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). "The question of whether a petition is timely raises a

---

[3] Appellant did not file a response to PCRA counsel's *Turner/Finley* brief.

question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). As Appellant did not file a direct appeal, his judgment of sentence became final on January 17, 2014. Appellant's petition was filed in May 2015. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

After Appellant's judgment of sentence became final, this Court found that sentences imposed pursuant to 18 Pa.C.S.A. § 7508, such as Appellant's, violated the defendants' Sixth Amendment right to a trial by jury as interpreted by **Alleyne v. United States**, 133 S.Ct. 2151 (2013). **Commonwealth v. Vargas**, 108 A.3d 858, 876-877 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). Appellant argues, therefore, that **Alleyne** was a newly announced constitutional rule which conferred jurisdiction on the PCRA court to reach the merits of his petition. The newly announced constitutional rule exception applies when the Supreme Court of the United States or our Supreme Court announces a new rule of constitutional law after the time for filing a PCRA petition has expired and makes that rule retroactive to petitioners seeking collateral review. 42 Pa.C.S.A. § 9454(b)(1)(iii).

Appellant's argument fails as this Court held that **Alleyne** is not retroactive. **Commonwealth v. Miller**, 102 A.3d 988, 994-995 (Pa. Super. 2014). Appellant also failed to present his claim within 60 days of when the claim could have been raised. **See** 42 Pa.C.S.A. § 9545(b)(2). Appellant was sentenced after **Alleyne** was issued, thus he could have raised an illegal sentencing claim or an ineffective assistance of counsel claim in a timely

PCRA petition. He did neither. Instead, his May 2015 petition was filed approximately 750 days after **Alleyne** was decided.[4] Accordingly, Appellant failed to satisfy the newly announced constitutional rule timeliness exception.

Appellant also argues that he satisfied the governmental interference timeliness exception because the PCRA court and prosecutor informed him that he was subject to a three-year mandatory minimum sentence. This argument is without merit as it is based on a misunderstanding of the governmental interference timeliness exception. This exception applies when a governmental agent prevents a petitioner from filing a petition or learning of the facts necessary to file a petition. **See Commonwealth v. Barrett**, 761 A.2d 145, 148 (Pa. Super. 2000). Appellant does not aver that he was denied access to the prison library. Instead, he only avers that the trial court and prosecutor incorrectly stated the law. The trial court and prosecutor did not prevent Appellant from using the prison library in order to discover **Alleyne** and/or **Vargas**. Thus, the trial court and prosecutor's actions do not satisfy the governmental interference exception.

After independently reviewing the record, we conclude that Appellant failed to plead and prove the applicability of any of the three statutory timeliness exceptions. As such, the PCRA court properly dismissed the PCRA

---

[4] Even **Vargas**, in which this Court held section 7508 to be unconstitutional, was issued approximately 140 days prior to the filing of Appellant's PCRA petition.

petition for lack of jurisdiction. Therefore, the present appeal lacks merit. Accordingly, we grant counsel's motion to withdraw as counsel and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Motion to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016