J-S54025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE TERRELL WHITE | |
| Appellant | No. 1927 WDA 2015 |

Appeal from the PCRA Order November 16, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0003913-1995

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                    **FILED AUGUST 19, 2016**

Lawrence Terrell White appeals *pro se* from the order entered November 16, 2015, in the Court of Common Pleas of Allegheny County, dismissing, without a hearing, his **fifth** petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. White seeks PCRA relief from his February 5, 1996 judgment of sentence, claiming (1) he is serving an illegal mandatory minimum 5-year sentence, (2) he was denied his Sixth Amendment right to have a jury determine his mandatory sentence, (3) the trial court erred in failing to merge his convictions for third degree murder and carrying a firearm without a license for sentencing purposes, and (4) his claims meet and satisfy the rules and exceptions governing the PCRA petition.  **See** White's Brief, at 5.  Based upon the following, we affirm.

This Court previously summarized the background of this case in White's appeal from the dismissal of his third PCRA petition:

On February 9, 1995, [White] shot and killed a man. Following a bench trial, [White] was convicted of third-degree murder, 18 Pa.C.S.A. § 2502, and a violation of the Uniform Firearms Act, 18 Pa.C.S.A. § 6106. The trial court sentenced [White] to ten years to twenty years in prison for the third-degree murder conviction and two and one-half years to five years in prison for the Uniform Firearms Act violation, the sentences to run consecutively.

[White] filed a timely notice of appeal; however, he subsequently filed a petition for discontinuance of the appeal, and the direct appeal was discontinued by this Court on April 1, 1996. On August 28, 1997, [White] filed a *pro se* PCRA petition, counsel was appointed, and counsel filed an amended PCRA petition. On January 5, 1998, the PCRA court dismissed [White's] PCRA petition, and he filed an appeal to this Court. In an unpublished memorandum filed on April 12, 1999, this Court concluded [White's] first PCRA petition was untimely filed, and, therefore, we affirmed the PCRA court's dismissal of the petition. *See Commonwealth v. White*, No. 246 Pittsburgh 1998 (filed April 12, 1999) (unpublished memorandum). [White's] petition for allowance of appeal was denied by the Supreme Court on July 29, 1999.

On May 18, 2004, [White] filed a second PCRA petition, and following notice of its intent to dismiss without a hearing, the PCRA court dismissed the petition on July 13, 2004. [White] filed his third PCRA petition on August 10, 2004, and following notice of its intent to dismiss without a hearing, the PCRA court dismissed the petition by order entered on December 29, 2004. This *pro se* appeal followed, and all Pa.R.A.P. 1925(b) requirements were met.

*Commonwealth v. White*, 898 A.2d 1135 (Pa. Super. 2006) (unpublished memorandum, at 1–2. This Court affirmed the PCRA Court's dismissal of his third PCRA petition and no petition for allowance of appeal was filed following this Court's decision. *Id.*

On August 16, 2006, the PCRA court dismissed, as untimely, White's fourth PCRA petition, and no appeal was taken.

On August 6, 2015, White filed the present PCRA petition – his fifth. On November 16, 2015, following the issuance of Pa.R.Crim.P. 907 notice of intent to dismiss, the PCRA court dismissed White's PCRA petition. This appeal followed.[1]

Our standard of review for an order denying PCRA relief is well-established:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Turpin***, 87 A.3d 384 (Pa. Super. 2013) (citation omitted).

At the outset, we address the issue of timeliness since "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

_____

[1] White timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Generally, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As previously explained by this Court, "[White] discontinued his direct appeal to this Court on April 1, 1996, and, therefore, [White's] judgment of sentence became final on April 1, 1996." **Commonwealth v. White, supra,** at 3. The present PCRA petition was not filed until August 6, 2015, which was clearly more than one year from the date his judgment of sentence became final. As such, White's present PCRA petition is patently untimely.

Nevertheless, we may consider an untimely PCRA petition if the petitioner pleads and proves one of the PCRA's three exceptions:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, any petition involving one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

White argues in his brief that he was sentenced under 42 Pa.C.S. § 9712 to a mandatory minimum five year sentence, that "[o]n July 14, 2015, he was made aware from an article out of an old newspaper in the prison that Pennsylvania's mandatory sentencing laws were unconstitutional," and that he filed his PCRA petition on August 4, 2015.[2] White's Brief, at 7.

White first maintains that he satisfies the governmental interference exception, subsection 9545(b)(1)(i). White argues that under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), Section 9712 is unconstitutional as a whole. He maintains unconstitutional statutes are retroactive to their enactment dates and are ineffective for any purpose, and asserts the presentation of 42 Pa.C.S. § 9712 by the Commonwealth was in violation of the Constitution or laws of this Commonwealth. *See* White's Brief, at 7–10.

_____

[2] White's PCRA petition was dated August 4, 2015, and docketed on August 6, 2015.

- 5 -

White also claims he satisfies the unknown facts exception, subsection 9545(b)(1)(ii), because the facts upon which his claims are predicated were unknown to him and could not have been ascertained by the exercise of due diligence. Specifically, he argues that at the time of his sentencing he was under the assumption that 42 Pa.C.S. § 9712 was constitutionally valid, and had no way of finding out the statute was unconstitutional except when he was made aware of the court's rulings. *See* White's Brief, at 10.

In addition, White claims he satisfies the newly recognized constitutional right exception, subsection 9545(b)(1)(iii), because the decision in *Alleyne* is a new substantive rule of constitutional law that must be given retroactive effect to his sentence. *See* White's Brief, at 10–11.

At the outset, we point out that White mistakenly asserts he "was sentenced under 42 Pa.C.S. § 9712 for count 2, carrying a firearm without a license, and received a mandatory 5 year sentence[.]" White's Brief, at 7. In fact, White received a two-and-one-half to five year sentence of imprisonment on Count 2. Clearly, a five-year mandatory minimum sentence was not imposed at Count 2 pursuant to Section 9712.

Further, the record shows that although the Commonwealth, on January 10, 1996, did provide notice of its intent to seek application of Section 9712 (Sentences for offenses committed with firearms) for the conviction on Count 1, murder of the third degree, there was **no** discussion of the mandatory minimum at the sentencing hearing. Rather, at

sentencing, there was only discussion of the applicable minimum sentence guideline ranges and the applicable statutory maximum.[3] The trial court, having been apprised of the guideline range sentences, concluded "the maximum penalty is an appropriate one; and the Court will sentence you on the conviction of murder in the third degree to a period of not less than ten nor more than 20 years at the State Correctional Institution at Pittsburgh." N.T., 5/6/1996, at 18. Therefore, the record does not support White's claim that the trial court imposed a five-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.

Even if White's claim were supported by the record, no relief would be due. Although White relies on *Alleyne* to invoke the PCRA's statutory exceptions, he failed to meet Section 9545(b)(2)'s requirement to file his petition within 60 days of *Alleyne*, which was decided by the United States Supreme Court on June 17, 2013.

Furthermore, aside from White's failure to satisfy Section 9545(b)(2), White's claim does not include any facts which could reasonably support an

_____

[3] At sentencing, the Commonwealth's attorney advised the trial court that, for murder of the third degree, the guideline minimum sentences were "57 to 69 [months] mitigated; 69 to 120 [months] standard; and aggravated would also be 120 [months.]" N.T., 2/5/1996, at 5. The Commonwealth's attorney asked the trial court to sentence White "to the maximum he can get, 12-1/2 to 25 years." *Id.*

We note that at the time of White's crime, the maximum sentence for murder of the third degree was 20 years' imprisonment.

- 7 -

allegation of "interference by government officials" pursuant to Section 9545(b)(1)(i). Specifically, he does not allege a governmental agent prevented him from filing a petition or learning of the facts necessary to file a petition. *See Commonwealth v. Barrett*, 761 A.2d 145, 148 (Pa. Super. 2000). Moreover, this Court has "expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Finally, in *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), a panel of this Court held that an *Alleyne* claim fails to satisfy the "new constitutional right exception to the time-bar" codified at Section 9545(b)(1)(iii) because neither the United States or Pennsylvania Supreme Court has held that *Alleyne* is to be applied retroactively. *Miller, supra*, 102 A.3d at 995. In this regard, in *Commonwealth v. Washington*, ___ A.3d ___, ___, 2016 WL 3909088, at *8 (Pa. July 19, 2016), the Pennsylvania Supreme Court definitively held that "*Alleyne* does not apply retroactively to cases pending on collateral review."

Accordingly, White's petition is untimely, no PCRA exception applies to the time-bar and, consequently, no court has jurisdiction to entertain the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016