**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Angelo BARRETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 14, 2000.

Filed Oct. 11, 2000.

Angelo Barrett, Appellant, pro se.

Dale M. Fouse, Assistant District Attorney, Aliquippa, for Com., appellee.

BEFORE: HUDOCK, STEVENS and BROSKY, JJ.

STEVENS, J.:

¶ 1 This is a *pro se* appeal from the August 10, 1999 order entered by the

Court of Common Pleas of Beaver County dismissing, without a hearing, Appellant's first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. We affirm.

¶ 2 On September 27, 1988, Appellant was found guilty by a jury of first degree murder and, thereafter, sentenced to life imprisonment. His judgment of sentence was affirmed by this Court, and no petition for allowance of appeal was filed. *Commonwealth v. Barrett*, 400 Pa.Super. 614, 576 A.2d 1130 (1990). On July 10, 1998, Appellant filed a *pro se* petition for post conviction relief.[1] The court appointed Attorney Mitchell P. Shahen to represent Appellant in the matter, and gave Attorney Shahen sixty days within which to file an amended petition. Prior to the filing of an amended petition by Attorney Shahen, Appellant filed an amended *pro se* petition. Subsequently, Attorney Shahen filed a "no-merit" letter and requested to withdraw from the case pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). The court granted such permission and then provided notice to Appellant pursuant to Pa.R.Crim.P. 1507 of its intent to dismiss the PCRA petition. Following Appellant's response to the notice, the court, by order entered August 10, 1999, dismissed Appellant's petition for collateral relief. The present *pro se* appeal followed.[2]

■ ¶ 3 Herein, Appellant contends that the court erred in dismissing his PCRA petition on the basis that it was untimely filed in that the late filing was due to a recognized exception to the filing requirement.[3] Specifically, he argues that during

---

1. Appellant's petition was postmarked by the State Correctional Institution at Huntingdon on July 10, 1998, and time stamped by the Clerk of Courts of Beaver County on July 13, 1998. However, for filing purposes, July 10, 1998, is deemed the date of filing of the petition. *See Commonwealth v. Little*, 716 A.2d 1287 (Pa.Super.1998).

2. Appellant's request for *in forma pauperis* status was granted; however, his request for new counsel was denied.

3. To the extent Appellant claims that the PCRA court erred by denying his petition without a hearing, we note that there is no absolute right to a hearing pursuant to the

a relevant period of time, 1995 until 1997, he was confined in the Restricted Housing Unit (RHU), and, as a result, was denied access to necessary legal resources that would have alerted him to the timing requirements of the PCRA.[4]

¶ 4 The Legislature, on November 17, 1995 and effective sixty days thereafter, modified the requirement of when a PCRA petition must be filed. *See* 42 Pa.C.S.A. § 9545(b); *Commonwealth v. Crider*, 735 A.2d 730, 732 (Pa.Super.1999) (discussing implementation and mandate of 1995 alterations to Section 9545 of the PCRA). 42 Pa.C.S.A. § 9545(b)(1) provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . ." Pursuant to 42 Pa.C.S.A. § 9545(b)(3), "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

■ ¶ 5 In the present case, Appellant's sentence became final once this Court affirmed the judgment of sentence on February 26, 1990, and the period for filing a direct appeal to the Supreme Court expired.[5] Thus, in order to satisfy the above-discussed timeliness requirements, Appellant had to file his PCRA petition within one year from March 28, 1990. Because Appellant's present petition was filed on July 10, 1998, clearly more than one year from the date his judgment became final, the petition is untimely.

■ ¶ 6 There exists, however, a *proviso* to the 1995 amendments which provides a grace period for petitioners whose judgments have become final on or before the effective date of the amendments. An otherwise untimely petition is deemed timely provided the petition is a first petition filed within one year following the effective date of the amendments. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1); *See Commonwealth v. Thomas*, 718 A.2d 326 (Pa.Super.1998) (*en banc*).

■ ¶ 7 As noted above, Appellant's sentence became final on March 28, 1990, which was before the effective date of the amendments; therefore, Appellant qualifies for the *proviso* to the amendments. Accordingly, in order to satisfy the timeliness requirement set forth therein, Appellant was required, barring the application of any of the exceptions enumerated below, to file his first PCRA petition by January 16, 1997, which was one year from the effective date of the amendments. The present petition was filed on July 10, 1998, and, therefore, was not filed within the grace period afforded first-time petitions.

¶ 8 Section 9545(b)(1) provides, however, that a petition which is filed in an untimely manner may be considered by the court when:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascer-

PCRA. *Commonwealth v. Neal*, 713 A.2d 657 (Pa.Super.1998). A petition for post-conviction relief may be denied without a hearing when the court determines that there are no genuine issues concerning any material fact, and that the petitioner is not entitled to relief. Pa.R.Crim.P. 1507(a).

4. A review of the record indicates that Appellant was confined in the RHU due to disci-

plinary problems. *See* Defendant's Response filed August 3, 1999, Exh. I.

5. Pa.R.A.P. 1113 provides, in pertinent part, that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of entry of the order of the Superior Court. . . ."

tained by the exercise of due diligence; or

(iii) the right is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), (iii).

■ ¶ 9 In the present case, Appellant admits that his PCRA petition was untimely filed, but argues that this was due to governmental interference by prison officials who confined Appellant in the RHU for a two year period that encompassed the time period the amendments to the PCRA were placed into effect. He contends that, while housed in the RHU, he was unable "to obtain legal advise [sic] from any inmate paralegals and was **limited, exclusively,** to an inmate library paging system which operates to allow the inmate to send a request slip to the library requesting a copy of a case. **The prisoner cannot physically visit the library.**" [6] Appellant Brief at ii.

¶ 10 As evidenced above, Appellant concedes that, while confined in the RHU, he was able to obtain legal material from the library by means of an inmate paging system. In addition, a partial copy of the disciplinary policy of the RHU submitted by Appellant in response to the court's notice of intent to dismiss his PCRA petition states that inmates confined therein "will be provided access to the institution library by requesting legal materials in accordance with Departmental policy." Defendant's Response filed August 3, 1999, Exh. J. Thus, although Appellant may not have been permitted to prepare his PCRA petition in the manner he would have wished, prison officials did not prevent him

from filing his petition in accordance with the timing requirements by reason of his confinement in the RHU. As such, contrary to Appellant's assertion, the filing of his PCRA petition did not fall within the purview of the exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i).

¶ 11 Additionally, we note that 42 Pa. C.S.A. § 9545(b)(2) states that, "[a]ny petition invoking an exception provided in [Section 9545(b)(1) ] shall be filed within 60 days of the date the claim could have been presented." Herein, Appellant admits that he was transferred out of the RHU in September of 1997. However, he did not file the present petition until July of 1998, which was beyond the 60–day acceptable period of time.

■ ¶ 12 Based on the foregoing, we affirm the court's order dismissing Appellant's PCRA petition.[7]

¶ 13 Affirmed.

6. It was Appellant's own behavior that led to his confinement. *See* Defendant's Response filed August 3, 1999, Exh. I.

7. We note that the PCRA's timing requirements are jurisdictional and a PCRA court

has no power to address the substantive merits of an untimely petition. *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780 (2000).