J-S35008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN KENNEDY | |
| Appellant | No. 215 EDA 2013 |

Appeal from the PCRA Order November 18, 2005
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0108491-2004

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JUNE 01, 2015**

Appellant, Stephen Kennedy, appeals *pro se nunc pro tunc* from the November 18, 2005 order, dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we quash this appeal.

On September 23, 2004, the trial court imposed an aggregate sentence of 23½ to 47 years' imprisonment after Appellant was found guilty of attempted murder, carrying a firearm without a license, possessing an instrument of a crime, and aggravated assault.[1]  Appellant did not file a direct appeal with this Court.  As a result, Appellant's judgment of sentence

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901, 6106, 907, and 2702, respectively.

became final on October 25, 2004, when the filing period for a notice of appeal to this Court expired.[2] **See generally** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(c).

Appellant filed a timely PCRA petition on March 22, 2005. The PCRA court appointed counsel, who filed a petition to withdraw along with a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. On November 18, 2005, the PCRA court entered an order dismissing Appellant's PCRA petition without a hearing, and granting PCRA counsel's petition to withdraw. Appellant did not file a notice of appeal with this Court, which was due within 30 days, by December 19, 2005.[3] **See generally** Pa.R.A.P. 903(a).

On May 14, 2009, Appellant filed his second PCRA petition.[4] On December 10, 2012, the PCRA court entered an order granting Appellant's PCRA petition, limited to reinstating his appeal rights *nunc pro tunc* from the

---

[2] We note that the 30th day was Saturday, October 23, 2004. Because the last day to file fell on a weekend, Appellant had until Monday, October 25, 2004, to timely file a notice of appeal. **See generally** 1 Pa.C.S.A. § 1908.

[3] We note the 30th day was Sunday, December 18, 2005. **See generally** 1 Pa.C.S.A. § 1908.

[4] We treat May 14, 2009, as the filing date under the prisoner mailbox rule, as the certified record contains the postmark from the envelope in which the petition was mailed. **See generally Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).

November 18, 2005 order dismissing his first PCRA petition. Appellant filed a notice of appeal on January 7, 2013.

Instantly, the Commonwealth avers that Appellant's appeal should be quashed, as the PCRA court lacked jurisdiction to grant Appellant relief because his second PCRA petition was untimely filed. Commonwealth's Brief at 6; **see also, e.g.**, **Commonwealth v. Huddleston**, 55 A.3d 1217, 1220-1222 (Pa. Super. 2012) (addressing the Commonwealth's argument that the PCRA court lacked jurisdiction to reinstate the defendant's direct appeal rights *nunc pro tunc*), *appeal denied*, 63 A.3d 774 (Pa. 2013). As noted above, Appellant's judgment of sentence became final on October 25, 2004. Therefore, his second PCRA petition filed on May 14, 2009 was facially untimely. **See generally** 42 Pa.C.S.A. § 9545(b)(1).

However, in his petition, Appellant averred that two time-bar exceptions apply. Appellant first argued that the government interference exception applied because he had "been in the Restricted Housing Unit (RHU) since May 17, 2009[.]" Appellant's PCRA Petition, 5/14/09, at 3. This Court has held that RHU housing does not satisfy the government interference exception to the time-bar. **Commonwealth v. Barrett**, 761 A.2d 145, 148 (Pa. Super. 2000).

Appellant also argued that the newly-discovered fact exception applied. First, Appellant argued that he "suffers from learning and mental difficulties which prevented him from [discovering] the operative facts [of his

PCRA petition]." Appellant's PCRA Petition, 5/14/09, at 3. Second, Appellant argues that PCRA counsel abandoned him, which under *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), would satisfy the time-bar exception. Appellant's PCRA Petition, 5/14/09, at 3.

It is axiomatic that the newly-discovered fact exception requires that the petitioner plead and prove there were facts previously unknown to him. *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa. Super. 2015); *see also generally* 42 Pa.C.S.A. § 9545(b)(1)(ii). Here, Appellant's petition on its face did not identify what the new operative facts were, for the purposes of the time-bar exception. Furthermore, to the extent Appellant argued that *Bennett* applied, we note that PCRA counsel did not abandon Appellant, but rather was legally permitted to withdraw as counsel under *Turner*/*Finley*. Therefore, we conclude the PCRA court lacked jurisdiction to restore Appellant's PCRA appeal rights *nunc pro tunc*. As a result, Appellant's January 7, 2013 notice of appeal was patently untimely, as it was filed 2,607 days after the PCRA court entered its November 18, 2005 order dismissing his first PCRA petition.

Based on the foregoing, we conclude the PCRA court lacked jurisdiction to restore Appellant's PCRA appeal rights *nunc pro tunc*, rendering Appellant's notice of appeal untimely. Accordingly, we conclude that we are without jurisdiction, and quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/1/2015</u>