J. S40006/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
RALPH McCLAIN, : No. 657 WDA 2014
:
Appellant :


Appeal from the PCRA Order, April 3, 2014,
in the Court of Common Pleas of Cambria County
Criminal Division at No. CP-11-CR-0000535-2010


BEFORE: FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 10, 2015**

Appellant, Ralph McClain, appeals from the order entered April 3, 2014, in the Court of Common Pleas of Cambria County that denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

At approximately 7:30 a.m. on January 4, 2010, as part of his duties, Corrections Officer John Frank ("Frank") was collecting breakfast trays in the Cambria County Prison. (Notes of testimony, 5/13/10 at 22-24). While collecting appellant's tray, appellant threw an open milk carton containing urine at Frank, hitting him on the right side of his face. (*Id*. at 30-31.) On

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

May 13, 2010, following a one-day jury trial, appellant was convicted of aggravated harassment by a prisoner, 18 Pa.C.S.A. § 2703.1, and harassment, 18 Pa.C.S.A. § 2790. Appellant was sentenced on August 25, 2010, to 18 to 72 months' imprisonment, consecutive to any other sentence currently being served. Appellant failed to perfect a direct appeal to this court.[2]

On May 17, 2013, appellant filed the current PCRA petition. In the petition, appellant asserted claims of ineffective assistance of counsel; interference by a governmental official to obstruct his right of appeal; and a

---

[2] In his brief, appellant claims he was prejudiced by the Clerk of Courts of Cambria County's failure to provide his trial counsel with a March 2011 letter from the Superior Court's Prothonotary's Office. (Appellant's brief at 6.) That letter, dated March 8, 2011, is attached as Exhibit A to the PCRA hearing transcript. Apparently, appellant had tried to file an appeal but it was returned to the Cambria County Clerk of Courts along with a copy to appellant. The letter states:

> "When appellant amends his appeal to reflect the date of the order/judgment being appealed, attaches a proof of service to verify that opposing counsel, the court reporter and trial court judge received a copy, and provides you with either the appropriate filing fee or an order certifying that he is indigent, kindly return this appeal to our office."

We point out that appellant was sentenced on August 25, 2010. No post-sentence motions were filed; therefore, he had 30 days to file his appeal. Clearly, any filing sent to the Superior Court in 2011 was untimely.

Furthermore, appellant's trial counsel testified at the PCRA hearing that he did not recall appellant asking him to file an appeal. (PCRA hearing, 11/21/13 at 71.) Trial counsel did state that approximately 14 months ago, appellant wrote to him requesting various records. (*Id.*) Trial counsel, who had left the Public Defender's Office, forwarded appellant's letter.

proceeding in a tribunal without jurisdiction. On June 3, 2013, Attorney Timothy S. Burns was appointed as counsel. Due to health issues, Attorney Burns was removed and Attorney Gregory Neugebauer was appointed as new counsel. An evidentiary hearing took place on November 21, 2013. On April 3, 2014, the PCRA court filed an opinion and order denying appellant's PCRA petition. This timely appeal followed. Appellant complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. In response thereto, the PCRA court relies on its April 3, 2014 opinion and its Rule 1925(a) opinion filed June 11, 2014.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa.Super. 2007), ***appeal denied***, 951 A.2d 1163 (Pa. 2008).

For purposes of the PCRA, appellant's judgment of sentence became final on September 24, 2010, thirty days after judgment was entered and the time allowed for filing an appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P., Rule 903, 42 Pa.C.S.A. Thus, appellant had until

September 26, 2011,[3] to file a timely petition under the PCRA. The instant petition, filed May 17, 2013, is manifestly untimely and cannot be reviewed unless appellant invokes a valid exception to the time bar of the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Appellant asserts that his PCRA petition falls within the exception relating to interference by government officials in violation of the law that prevented his untimely filing. **See** Section 9545(b)(1)(i). More specifically, appellant argues that he was housed in a restricted housing unit ("RHU") that prevented him from visiting the law library. Appellant contends he was not given adequate and consistent access to legal resources until he was transferred to SCI Retreat in April of 2013. (Appellant's brief at 5.)

While appellant fails to provide any case law supporting his position, he argues against the application of **Commonwealth v. Barrett**, 761 A.2d 145 (Pa.Super. 2000), a case the PCRA court relied on. In **Barrett**, this court rejected a claim of governmental interference by prison officials where the defendant alleged he was not permitted to obtain legal advice from inmates or physically visit the prison law library, and where the defendant had been confined in an RHU for a period of two years, but his PCRA petition was filed more than 60 days after transfer out of the RHU. **Id.** at 148.

---

[3] Because September 24, 2011, fell on the weekend, appellant had until Monday, September 26, 2011, to file his PCRA petition. 1 Pa.C.S.A. § 1908.

In ***Barrett***, the defendant was able to obtain legal material from the library by means of an inmate library paging system.[4]  ***Id.***  In rejecting Barrett's government interference argument, this court stated:

> [A]lthough Appellant may not have been permitted to prepare his PCRA petition in the manner he would have wished, prison officials did not prevent him from filing his petition in accordance with the timing requirements by reason of his confinement in the RHU.  As such, contrary to Appellant's assertion, the filing of his PCRA petition did not fall within the purview of the exception set forth in 42 Pa.C.S.A. §9545(b)(1)(i).

***Id.***

Instantly, appellant conceded that before April 2013, he was granted access to the law library "maybe three times."  (Notes of testimony, 11/21/13 at 9.)  Appellant testified that it was his intent to research "this case and others." (***Id.*** at 10.)  While appellant may not have been able to prepare his PCRA petition in the manner he wished, he was given access, albeit limited, to the law library.  Appellant's physical presence in the law library was arguably more useful than the paging system that Barrett was required to use.  Additionally, no evidence was presented that prison officials precluded the filing of appellant's PCRA petition.  As such, this claim fails.

Next, appellant argues the PCRA court erred in dismissing his petition as untimely in light of appellant not having been sentenced in open court.

---

[4] This paging system allowed the inmate to send a request slip to the library requesting a copy of a case.

As a result, appellant contends the time period to file an appeal has not yet begun to run. (Appellant's brief at 7.) As support, appellant relies on Pa.R.A.P. 903(c)(3) which provides: "In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."

In its Rule 1925(a) opinion, the PCRA court advises this claim was not raised by appellant at either the November 21, 2013 hearing, or in his brief in support of PCRA petition filed February 21, 2014. (Docket #63.) According to the PCRA court, the November 21st hearing focused on whether trial counsel was ineffective for not seeking a competency hearing and whether appellant was competent at the time of sentencing. (Trial court opinion, 6/11/14 at 3.) It is well settled that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Even if not waived, this issue has no merit. Appellant was sentenced at SCI Smithfield.[5] According to the PCRA court,

> It was [appellant's] own actions in refusing to be transported from SCI Mahanoy to Cambria County for sentencing that necessitated this jurist, [appellant's] counsel Richard Corcoran, Assistant District Attorney Heath Long, and a stenographer traveling to the SCI to sentence [appellant] on August 25, 2010. Accordingly, it is the opinion of the Court that [appellant] forfeited his right to be sentenced in open court.

---

[5] Appellant's brief and the sentencing transcript do not reveal why appellant was sentenced at the state prison.

PCRA court's opinion, 6/11/14 at 3-4.

Appellant refused to attend his sentencing hearing, necessitating the court to go to him. As such, he forfeited the right to be sentenced in an actual courtroom. ***See***, ***e.g.***, ***Commonwealth v. Lucarelli***, 971 A.2d 1173, 1179 (Pa. 2009) (the defendant, through his behavior, forfeited a constitutional right). Additionally, we observe that "open court" means a court "which has been formally convened and declared open for the transactions of its proper judicial business." ***Commonwealth v. Ferrara***, 409 A.2d 407, 411 (Pa. 1979). In this case, the sentencing judge, court reporter, assistant district attorney, and defendant's counsel all travelled to SCI Smithfield, and the proceedings were transcribed. Furthermore, no objection was raised by defense counsel to the proceedings taking place at the state prison. There is no merit to this argument.

Thus, the order denying PCRA relief is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2015