J-S11010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRIS MILLER, | |
| Appellant | No. 592 WDA 2016 |

Appeal from the PCRA Order of March 18, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000546-1985

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 17, 2017**

Appellant, Chris Miller, appeals *pro se* from the order entered on March 18, 2016, dismissing as untimely his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On April 6, 1990, a jury convicted Appellant of first-degree murder and conspiracy to commit murder.  On June 28, 1991, the trial court sentenced Appellant to life imprisonment.  We affirmed Appellant's judgment of sentence.  *See Commonwealth v. Miller*, 626 A.2d 647 (Pa. Super. 1993) (unpublished memorandum).  On November 5, 1993, our Supreme Court denied further review.  *See Commonwealth v. Miller*, 634 A.2d 1115 (Pa. 1993).  On January 7, 1997, Appellant filed his first PCRA petition, the PCRA court denied relief, and we affirmed the PCRA court in an

_____
*Former Justice specially assigned to the Superior Court.

unpublished memorandum decision filed on December 4, 1997. Most recently, on August 17, 2015, Appellant filed a *pro se* PCRA petition/petition for *habeas corpus* relief claiming his sentence was illegal. On December 3, 2015, the PCRA court appointed counsel to represent Appellant. On February 4, 2016, appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In her no-merit letter, counsel stated that Appellant "specifically aver[red] that the decision in **Alleyne** [**v. United States**, 133 S.Ct. 2151 (2013)] announced a new constitutional right and that right should apply to his case." No-Merit Letter, 2/4/2016, at 4 (unpaginated). On February 9, 2016, the PCRA court granted counsel's motion to withdraw and gave Appellant notice of its intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response. On March 18, 2016, upon consideration of Appellant's response, the PCRA court dismissed Appellant's PCRA petition as untimely. This timely *pro se* appeal resulted.[1]

---

[1] Appellant filed a *pro se* notice of appeal on April 7, 2016. On the same day, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on April 28, 2016. In lieu of an opinion pursuant to Pa.R.A.P. 1925(a), the trial court entered an order on May 5, 2016, relying upon its orders entered on February 17, 2016 and March 18, 2016 to support its decision in denying Appellant relief.

Initially, we address Appellant's contention that he is entitled to *habeas corpus* relief, because there was no adequate remedy of law to correct his illegal sentence. Appellant's Brief at 8. We have previously determined:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

> \*       \*       \*

> [T]his Court [has] held that a defendant's motion to correct his illegal sentence [is] properly addressed as a PCRA petition[.]

***Commonwealth v. Taylor***, 65 A.3d 462, 465–466 (Pa. Super. 2013) (internal citations, quotations and footnote omitted). Here, Appellant's challenge to the legality of his sentence is cognizable under the PCRA. Because Appellant raises a claim that is cognizable under the PCRA, that statute is his sole avenue of relief and he may not seek redress by filing a writ of *habeas corpus*. Accordingly, we turn now to the consideration of whether Appellant has filed a timely petition under the PCRA.

This Court has stated:

> Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that

- 3 -

when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended. This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

*Commonwealth v. Miller*, 102 A.3d 988, 992–993 (Pa. Super. 2014) (original brackets, citations, and quotations omitted). Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review to the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's convictions became final in February 1994, or 90 days after our Supreme Court denied review on direct appeal and the time expired for Appellant to seek *certiorari* with the United States Supreme Court.[2] **See** U.S. Supreme Court Rule 13. Thus, Appellant's current PCRA

---

[2] "[A] *proviso* to the 1995 [PCRA] amendments [] provides a grace period for petitioners whose judgments have become final on or before the effective date of the amendments. An otherwise untimely petition is deemed timely provided the petition is a first petition filed within one year following the effective date of the amendments." *Commonwealth v. Barrett*, 761 A.2d 145, 147 (Pa. Super. 2000). Appellant filed his first PCRA petition under this *proviso*. However, the current petition is Appellant's second. Thus,
*(Footnote Continued Next Page)*

petition, filed approximately 24 years after his judgment of sentence became final, is patently untimely. Accordingly, Appellant was required to plead and prove an exception to the PCRA's timeliness requirements.

On appeal to this Court, Appellant does not invoke any of the three limited exceptions to the time for filing a PCRA petition as set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). Instead, Appellant continues to argue that his purported illegal sentence claim is a non-waivable challenge. *See* Appellant's Brief at 8. "[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Taylor*, 65 A.3d at 465. Here, we have already determined that the instant PCRA petition was untimely. Finally, we note that Appellant presented argument to the PCRA court that the United States Supreme Court's decision in *Alleyne* created a new, retroactive constitutional right as an exception under 42 Pa.C.S.A. § 9545(b)(1)(iii). However, Appellant's failure to argue that exception on appeal renders the claim waived. *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 714 (Pa. Super. 2013) ("Failure properly to develop an argument with citations to relevant legal authority renders the issue unreviewable and will cause the issue to be waived."). Regardless, Appellant would not be entitled to relief, as this Court stated:

_(Footnote Continued)_ ────────────

Appellant was required to plead and prove an exception to the jurisdictional requirements of the PCRA.

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. […] This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Miller**, 102 A.3d at 995. As such, **Alleyne** does not provide Appellant relief.

For all of the foregoing reasons, we conclude the PCRA court correctly reviewed Appellant's claims under the PCRA and then determined them to be untimely without exception. As such, the PCRA court lacked jurisdiction and properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017