J-S37014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROUTHA R. ROUSSAW | : | |
| | : | |
| Appellant | : | No. 2885 EDA 2017 |

Appeal from the PCRA Order August 25, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0931421-1989

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                      **FILED JULY 09, 2018**

Appellant, Routha R. Roussaw, appeals *pro se* from the August 25, 2017 order dismissing his fourth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

As our resolution of this appeal is based on the procedural posture of this case, we decline to set forth the factual background.  On April 25, 1991, the trial court sentenced Appellant to life imprisonment without the possibility of parole after his conviction for first-degree murder.  This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. ***Commonwealth v. Roussaw***, 620 A.2d 1237 (Pa. Super. 1992) (unpublished memorandum), *appeal denied*, 629 A.2d 1379 (Pa. 1993).  On August 6, 2003, this Court affirmed the denial of Appellant's first PCRA petition and our Supreme Court denied allowance of appeal.  ***Commonwealth v.***

_____

*   Former Justice specially assigned to the Superior Court.

*Roussaw*, 835 A.2d 836 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 856 A.2d 833 (Pa. 2004). On February 22, 2010, this Court affirmed the dismissal of Appellant's second PCRA petition. ***Commonwealth v. Roussaw***, 996 A.2d 15 (Pa. Super. 2010) (unpublished memorandum).

On August 8, 2012, Appellant filed his third PCRA petition. On August 9, 2015, the PCRA court dismissed the petition and Appellant did not appeal that ruling. On May 17, 2017, Appellant filed this, his fourth, *pro se* PCRA petition. The PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. In response to that Rule 907 notice, Appellant filed an amended petition. On August 25, 2017, the PCRA court dismissed the petition. This timely appeal followed.[1]

Appellant presents seven issues for our review:

1. Does the acquisition and presentation of the document demonstrating the forgery of an assistant district attorney's signature satisfy the newly-discovered fact exception to the PCRA's timeliness requirement?

2. Does Appellant's claim of governmental interference satisfy the governmental interference exception to the PCRA's timeliness requirement?

3. Did the court violate the Due Process Clause's notice requirement by failing to disclose the *paria materia* action resulting in an illegal sentence?

4. Did the trial court violate the separation of powers rule by amending 18 Pa.C.S.A. § 1102 with 61 Pa.C.S.A. § 6137 thereby subjecting Appellant to an illegal sentence?

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b).

> 5.    By sentencing Appellant to an administrative penalty did the trial court violate the bill of attainder provision of the United States Constitution?
>
> 6.    Did the Commonwealth prosecute Appellant based on a forged and fraudulent foundational document?
>
> 7.    Did the trial court proceed without subject matter jurisdiction?

Appellant's Brief at 3 (cleaned up).[2]

In his first two issues, Appellant argues that he satisfied two exceptions to the PCRA's one-year time bar. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc)* (cleaned up). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1).[3] "[A] judgment [of sentence] becomes final at the conclusion of direct review,

---

[2] We have renumbered the issues for ease of disposition.

[3] Appellant could have filed a timely PCRA petition on or before January 16, 1997 because of a *proviso* included within the PCRA allowing a one-year grace period for convictions before the PCRA replaced the Post-Conviction Hearing Act. **See** Act 32 of 1995, § 3(1).

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on September 27, 1993, at the expiration of the time for seeking review by the Supreme Court of the United States. *See* U.S. Sup. Ct. R. 13. Appellant's instant petition, his fourth, was filed over 23 years later. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the newly-discovered fact timeliness exception. As this Court explained:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish

- 4 -

that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

Appellant argues that, while assisting another prisoner, he "discovered" that the assistant district attorney's signature on the criminal information in this case was forged. He concedes that other signatures of the assistant district attorney who signed the criminal information were public record; however, he contends that our Supreme Court's decision in ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017) shows that the public records rule does not apply in this case. The public records rule provides that to qualify as a newly-discovered fact, "the information may not be part of the public record." ***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) (citation omitted). In ***Burton***, our Supreme Court held that the public records rule does not apply to petitions filed by *pro se* prisoners. ***See Burton***, 158 A.3d at 620. Our Supreme Court clarified, however, that whether a defendant acted with due diligence is a separate inquiry from whether a fact was unknown. ***Commonwealth v. Staton***, 2018 WL 2372210, *6 (Pa. May 24, 2018). Moreover, a petitioner has not acted with due diligence if he or she was represented by counsel, the documents were public for many years, and this time period overlapped with the time period the petitioner was

represented by counsel. *See id.* In this case, the documents were available at the earliest stages of Appellant's case and Appellant was represented by counsel at that time and for many years thereafter. Hence, the public records rule applies and Appellant failed to plead and prove the applicability of the newly-discovered fact exception to the PCRA's one-year time bar.

Next, Appellant contends that he satisfied the governmental interference exception to the PCRA's one-year time bar. This exception applies when a governmental agent prevents a petitioner from filing a petition or learning of the facts necessary to file a petition. *See Commonwealth v. Barrett*, 761 A.2d 145, 148 (Pa. Super. 2000). Appellant argues that the restrictions themselves set forth in section 9545 amount to governmental interference. This argument is frivolous. He also argues that the Department of Corrections limited his ability to obtain copies of the former district attorney's signature. As we noted above, however, documents bearing the assistant district attorney's signature were in the public domain when Appellant was represented by counsel. Hence, Appellant failed to plead and prove the applicability of the governmental interference exception to the PCRA's one-year time bar.

Appellant's third through seventh issues relate to the merits of his petition. As we have determined that Appellant failed to plead and prove the applicability of a timeliness exception, the PCRA court lacked subject matter jurisdiction to reach the merits of Appellant's petition. Accordingly, we need

not address these issues and affirm the order dismissing Appellant's fourth, untimely PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18