J-S39008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL R. WESLING | : | |
| | : | |
| Appellant | : | No. 353 EDA 2019 |

Appeal from the PCRA Order Entered January 10, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001697-2012

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 28, 2020**

Daniel R. Wesling appeals *pro se* from the trial court's order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In October 2013, following a jury trial, Wesling was found guilty of rape by forcible compulsion, criminal attempt (rape), sexual assault, statutory sexual assault, aggravated indecent assault (person less than 16 years of age), indecent assault (person less than 16 years of age), corruption of minors (providing alcohol), and unlawful contact with a minor.  The charges were the result of sexual offenses he committed against minors, K.B. and her sister,

---

[*] Retired Senior Judge assigned to the Superior Court.

P.U., between January 1, 1990, and December 31, 2001.[1]  The trial court sentenced Wesling on March 28, 2014, to an aggregate sentence of 180 to 360 months of incarceration.  He was further ordered to undergo a sexual offender evaluation, comply with all treatment recommendations, and pay costs.  On April 7, 2014, Wesling filed a post-sentence motion seeking additional time as credit against his sentence.  Following a hearing, the court granted the motion and issued an amended sentencing order.  Wesling filed a timely notice of appeal.  Our Court affirmed his judgment of sentence on June 30, 2015.  ***Commonwealth v. Wesling***, 1386 EDA 2014 (Pa. Super. filed June 30, 2015) (unpublished memorandum decision).

On October 15, 2015, Wesling filed a *pro se* PCRA petition.  Brian Gaglione, Esquire, was appointed as Wesling's PCRA counsel.  ***See*** Pa.R.Crim.P. 904(C).  PCRA counsel sought, and was granted, an extension to file an amended petition on Wesling's behalf.  However, instead of filing an amended petition, Attorney Gaglione filed a ***Turner***/***Finley*** "no merit" letter and accompanying petition seeking to withdraw from representing Wesling.  On February 16, 2016, Wesling informed the court, by letter, of his intent to

---

[1] Wesling was determined to be a sexually violent predator (SVP) under Pennsylvania's Registration of Sexual Offenders Law (Megan's Law).  ***See*** 42 Pa.C.S.A. §§ 9791.10-9799.42.

proceed *pro se*, to file an amended petition, and to seek an extension to file his *pro se* amended petition.[2]

On February 17, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Wesling's petition without a hearing.[3] On February 23, 2016, the PCRA court filed an amended notice of its intent to dispose of Wesling's petition without a hearing, stating the following reasons: the petition is patently frivolous and unsupported in the record; the facts do not entitle Wesling to relief; there are no genuine issues concerning any material fact; and no purpose would be served by any further proceedings. The court's notice also advised Wesling that he had 20 days to respond. On the same day the court issued its amended Rule 907 notice, Wesling filed a motion to proceed *pro se* for purposes of filing an amended PCRA petition. On February 29, 2016, the court denied Wesling's motion to extend the time within which to file an amended PCRA petition. On March 18, 2016, the trial court denied Wesling's PCRA petition[4] and granted Attorney Gaglione's petition to withdraw.

---

[2] Wesling filed the letter, prior to receiving the court's Rule 907 notice, in response to having received Attorney Gaglione's "no merit" letter seeking to withdraw from representing him.

[3] Finding no merit to any of Wesling's PCRA claims, the court cancelled its previously scheduled PCRA hearing as unnecessary.

[4] The court noted in its order that [a]s of the date of this Order, [Wesling] has not filed a response." PCRA Order, 3/18/16, at 1.

On March 29, 2016, Wesling filed a timely *pro se* notice of appeal from the order denying his PCRA petition. On June 23, 2016, Wesling filed a *pro se* petition for writ of mandamus requesting our Court "assist[ him] in acquiring . . . documents of record as pertaining to presenting [his] claims in his appella[te] brief with considerable clarity and precision."[5] Petition for Writ of Mandamus, 6/23/16, at 1. On July 19, 2016, our Court entered an order remanding the certified record for 60 days and directing the PCRA court "to provide [Wesling], either directly or via prior counsel, with any requested contents of the certified record that the PCRA court deems necessary and

---

[5] We are aware that Wesling had difficulty obtaining relevant transcripts and portions of the certified record that he deemed necessary to file his *pro se* amended petition. *See* Wesling Letter to Trial Judge, 2/16/16 ("I am currently scrambling around trying to put together a motion to continue the PCRA in *pro se* status and also a motion to extend the time within which to file an amended PCRA petition. I wrote [PCRA] counsel and requested a copy of my case transcripts and documents."); *see also* Wesling Letter to Attorney Gaglione, 2/29/16 ("I never received copies of the transcript from a May 14, 2013 hearing, as well as the trial transcript from October 7, 8, and 9, 2013."). However, while amendment of a petition should be "freely allowed to achieve substantial justice," Pa.R.Crim.P. 905(A), it is within the discretion of the PCRA court to grant leave to amend. *Id.* (PCRA court "*may* grant leave to amend . . . a petition for post-conviction collateral relief *at any time*.") (emphasis added and in original). *See Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003) (noting it is within PCRA court's discretion to consider supplemental issues raised by petitioner after counsel permitted to withdraw and court denies petitioner's motion to extend time to file amended petition). Although Wesling now complains that the PCRA court should have permitted him to amend his petition, he should have raised this issue in his first collateral appeal. *See* 42 Pa.C.S.A. § 9544(b). Moreover, because his current petition is untimely, and he has not pleaded or proven a time-bar exception, we cannot offer him any relief. *See infra*, at 7-9.

relevant to allow for a complete and judicious assessment of the issues raised on appeal." Order, 7/19/16. The trial court complied with our Court's remand order and directed Attorney Gaglione to provide Wesling with his case file, including a list of specifically requested documents. *See* Order, 7/27/16. On April 27, 2017, our Court affirmed the trial court's order denying Wesling's PCRA petition. *See **Commonwealth v. Wesling***, 980 EDA 2016 (Pa. Super. filed April 27, 2017) (unpublished memorandum decision). Wesling filed a petition for allowance of appeal with the Pennsylvania Supreme Court that was denied on February 6, 2018.[6]

On December 4, 2018, Wesling filed the current *pro se* PCRA petition, his second. On December 13, 2018, the court filed its Rule 907 notice of intent to dismiss the petition without a hearing. On January 4, 2019, Wesling filed a response to the Rule 907 notice averring that he is eligible for PCRA relief, despite the fact that "this PCRA petition is being filed more than one year after the date of final judgment . . . [because, d]ue to [his] understanding[,] tolling has been in effect since the submission of [his] October 15, 2015 [PCRA petition]." Wesling Response to Notice of Disposition Without Hearing, 1/4/19, at 5. On January 10, 2019, the trial court denied

---

[6] Wesling alleges in his brief that he petitioned the United States Supreme Court for a writ of certiorari on May 7, 2018, and that the court denied his petition on November 19, 2018. Appellant's Brief, at 10-11. However, there is nothing in the original record to indicate this filing. Even if the U.S. Supreme Court denied certiorari, it would not affect the result on appeal.

Wesling's petition, concluding that the petition is untimely and that he failed to either plead or prove an exception to the PCRA time bar.

Wesling filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following issue for our consideration: "Did the PCRA court err[] in determining [Wesling's] PCRA petition was untimely when said petition was indeed timely filed?" Appellant's Brief, at 4.

On appeal from the denial of PCRA relief, this court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. **Commonwealth v. Blackwell**, 647 A.2d 915, 920 (Pa. Super. 1994). The findings of the post-conviction court will not be disturbed unless they have no support in the record. **Id.**

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the petitioner's judgment is final. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i),(ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts, and an after-recognized constitutional right. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa.

- 6 -

2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id*; *see also* 42 Pa.C.S.A. § 9545(b)(2).[7] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Instantly, Wesling's judgment of sentence became final on July 30, 2015, when the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113. Thus, he had one year from that date, or until July 30, 2016, to file a timely PCRA petition. The instant petition was not filed until December 4, 2018—more than two years later. Thus, his petition is patently untimely, and he must plead and prove an exception to the PCRA timeliness requirements in order to invoke the jurisdiction of the PCRA court and have his petition decided on its merits.

Wesling admits that his petition is untimely and that he failed to plead an exception to the PCRA timing requirements in his petition. However, in his Rule 907 response he avers that he was initially under the impression that

---

[7] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, Wesling's claims arose on or before July 30 2016, when the time expired for him to timely file his petition. Thus, the 60-day time limit applies to his case.

every time he filed a motion, petition, or collateral appeal the clock stopped for purposes of calculating the timeliness of his most recent petition. Wesling Response to Notice of Disposition Without Hearing, 1/4/19, at 6. Moreover, in his Rule 907 response and appellate brief, he claims that governmental interference caused his petition to be filed late. Specifically, he avers that as a result of lock downs that occurred at SCI-Somerset from February 16, 2018-March 5, 2018, and again from August 29, 2018-September 9, 2018, he had no access to the law library at these times and was unable to "learn[ that his time was] not [being] toll[ed]." *Id.* Thus, he asserts that his "filings should at [the] very least show his diligence." *Id.*

Unfortunately, Wesling's assertions do not translate to pleading and proving an exception to the PCRA time bar. Wesling had to file his petition by July 30, **2016** to be considered timely filed. Thus, it is of no moment that he did not have access to the law library in the spring and summer of **2018** to learn that the time within which to file his petition had not been tolled. By that time almost two years had passed beyond the PCRA deadline. Moreover, Wesling has not alleged any facts to show that he was prevented from accessing the prison library at or before the time his petition was due. *See Commonwealth v. Barrett*, 761 A.2d 145 (Pa. Super. 2000) (court found defendant had access to legal materials from prison library during confinement in restrictive housing unit at time petition was due; although defendant may not have been permitted to prepare PCRA petition in manner he would have

wished, prison officials did not prevent him from filing petition in accordance with PCRA timing requirements).

Having failed to plead and prove an exception to the PCRA time bar, the PCRA court did not have jurisdiction to consider Wesling's petition. *Robinson*, *supra*. Thus, because the PCRA court's findings are supported in the record, we affirm the denial of Wesling's petition. *Blackwell*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/20