J-S05027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLIE JOSE RIVERA-RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 901 MDA 2021 |

Appeal from the PCRA Order Entered June 9, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No:  CP-36-CR-0004613-2009

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED:  APRIL 26, 2022**

Appellant, Charlie Jose Rivera-Rodriguez, appeals *pro se* from the June 9, 2021 order entered in the Court of Common Pleas of Lancaster County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The factual and procedural background of this matter is not at issue on appeal.  Accordingly, we summarize it as follows.

On April 21, 2011, following a jury trial, Appellant was found guilty of murder in the first degree, burglary, and conspiracy to commit those offenses. On May 31, 2011, the trial court sentenced Appellant to life imprisonment for the first-degree murder.  The trial court additionally sentenced Appellant to consecutive sentences of 5 to 10 years and 10 to 20 years for the offenses of burglary and conspiracy, respectively.

On June 29, 2011, Appellant appealed to our Court, challenging three evidentiary rulings, all concerning testimony by Commonwealth witnesses. We affirmed Appellant's judgment of sentence on August 3, 2012.

Appellant did not seek further review in our Supreme Court. Rather, on August 23, 2012, Appellant filed his first PCRA petition. After appointing counsel, the PCRA court dismissed Appellant's first PCRA Petition on September 26, 2013. Appellant did not appeal the dismissal.

On April 8, 2021, Appellant filed the instant PCRA petition, acknowledging that his petition was untimely but arguing that statutorily enumerated exceptions applied. On May 28, 2021, the PCRA court issued a Notice pursuant to Pa.R.Crim.P. 907, advising Appellant that his PCRA petition was untimely and that he failed to prove any of applicable timeliness exceptions. Appellant filed a response to the Notice, alleging but not substantiating the applicability of any exceptions. On June 9, 2021, the PCRA court dismissed Appellant's instant PCRA petition. This appeal followed. Both Appellant and the PCRA court complied with Pa.R,A,P, 1925.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception

to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness).

As noted above, Appellant filed the instant petition on April 8, 2021, more than eight years after his judgment of sentence became final. As such, the instant petition is facially untimely.[1]

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a

---

[1] The record reflects Appellant's judgment of sentence became final on September 3, 2012, at the expiration of the 30-day term to petition our Supreme Court for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant had one year from September 3, 2012, to file a timely PCRA petition. His present petition, which was filed in 2021, is therefore facially untimely.

petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

On appeal, Appellant essentially argues that his failure to file timely the instant petition was the result of government interference, Section 9545(b)(1)(i), and that the PCRA court erred in not recognizing that he met that exception. Appellant finally argues the PCRA court erred in not holding a hearing on his petition. We disagree.

In order to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." *Commonwealth v. Stokes*, 959 A.2d at 310.

The PCRA court addressed Appellant's claim as follows:

The basis for [Appellant]'s claim of government interference appears to be two-pronged. First, Appellant, states that he was placed in his institution's Restrictive Housing Unit (R.H.U.) from

---

[2] Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2017.

> December 17, 2013, until June 13, 2014, and that he was not afforded legal assistance during that period. According to [Appellant], this placement prevented him from timely filing the instant Petition and constitutes interference by government officials. This argument is logically unfounded. By [Appellant]'s own admission, he was placed in his institution's R.H.U. from December 17, 2013, until June 13, 2014, a period after the one-year deadline had already expired. It is therefore a factual impossibility that his placement in the R.H.U. constitutes government interference that prevented him from filing his Petition within the one-year statutory period.

PCRA Court Opinion, 9/1/21, at 5 (citations to the record omitted).

The PCRA court also noted that courts "have found that a petitioner's confinement in a R.H.U., even during the statutory one-year filing period, does not constitute government interference under 42 Pa.C.S.A. § 9545(b)(1)(i)." *Id.* (citing **Commonwealth v. Barrett**, 761 A.2d 145, 148 (Pa. Super. 2000); **Commonwealth v. Rizvi**, 166 A.3d 344, 348-49 (Pa. Super. 2017)).

> Finally, the PCRA court noted that even if Appellant's
>
> placement in the R.H.U. and alleged lack of access to legal assistance therein did constitute interference by government officials within the meaning of Section 9545(b)(1), he would have been required to file the instant Petition within one year of the date that his claims could have been presented. . . . [Appellant] wholly fails to offer any explanation as to why [claims raised herein] could not have been presented prior to April 8, 2021 [*i.e.*, date on which the instant PCRA petition was filed] – over six years after he was released from the R.H.U.

PCRA Court Opinion, 9/1/21, at 6.

We agree with the PCRA court's analysis and conclusions. Indeed, even if placement in the R.H.U. prevented Appellant from filing his petition while he

was in the R.H.U., Appellant failed to explain why it took over six years from his release from the R.H.U to file the instant petition.

Next, Appellant argues that his failure to timely file his PCRA petition was the result of governmental interference in that the state correctional institution failed to establish a constitutionally sufficient law library and failed to provide him with the interpretation services he felt were necessary to draft his PCRA petition.

In denying relief, the PCRA court noted:

[Appellant]'s own Statement of Errors [and the documents Appellant attached to his statement of errors, *i.e.*, excerpts from a Department of Corrections document titled "Access to Provided Legal Services" and excerpts of a document titled "Program Review Committee's Decision and Rationale"] makes it clear that the correctional facility in which [Appellant] is incarcerated has specific policies to empower inmates like [Appellant] to access the judicial system, including the option to access the law library with the help of an interpreter. . . . The [excerpts Appellant relied upon] directly contravene the factual basis upon which [Appellant]'s claim of government interference rests. Importantly, while [Appellant] notes that the above-referenced [d]ocuments are attached to his Statement of Errors, he does not meaningfully allege that the policies were violated[.] Therefore, even without discussing the legal merits the second prong of [Appellant]'s argument that government interference prevented him from previously raising the claims is baseless.

PCRA Court Opinion, 9/1/21, at 8. We agree with the PCRA court's analysis and conclusions. Indeed, Appellant's allegation that the correctional institution prevented him from timely pursuing his claim is defeated by his own exhibits attached to Appellant's statement of errors.

Finally, Appellant argues the PCRA court erred in dismissing his petition without holding a hearing. We disagree. Pursuant to the Rules of Criminal Procedure, a PCRA court must hold a hearing when a PCRA petition raises any issues of material fact. *See* Pa.R.Crim.P. 908(A)(2)). As explained, however, we have concluded that Appellant's petition was untimely, and the PCRA court properly determined that it had no jurisdiction to entertain it. Thus, we conclude that the PCRA court did not err in dismissing Appellant's petition without a hearing. ***See Commonwealth v. Marshall***, 947 A.2d 714, 723 (Pa. 2008).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/26/2022