J-S46028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY SHEARER | : | |
| | : | |
| Appellant | : | No. 93 EDA 2019 |

Appeal from the PCRA Order Entered December 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1104241-1998

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.*

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 27, 2019**

Appellant, Timothy Shearer, appeals *pro se* from an order entered on December 14, 2018, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On a previous appeal, we summarized the facts of this case as follows:

In September of 2000, [Appellant] was convicted of third-degree murder, violations of the Uniform Firearms Act, possessing an instrument of crime, and aggravated assault. His convictions arose out of the following facts:

On September 20, 1998, the victim, Terrance Adams, and his cousin, Richard Adams, encountered Appellant and an argument ensued. The disagreement concerned Appellant's former girlfriend, Tishira Fauntleroy, who had become engaged to [one of the Adams' cousins]. Two days later, the Adams' cousins saw Appellant at the corner of Paxon and Arch Streets in Philadelphia[, Pennsylvania]. When Terrance

---

* Retired Senior Judge assigned to the Superior Court.

> Adams told Appellant that he wanted to speak to him, apparently to inform Appellant that he did not want to fight over Ms. Fauntleroy, Appellant stated "you ain't got to tell me shit," displayed a chrome semi-automatic gun and fired a shot into the air. Terrance and Richard ran, and Appellant gave chase as he fired at the two men. Terrance ran between two parked cars and yelled to Richard to keep running. Richard heard a gunshot and turned to witness Appellant approach Terrance with an outstretched arm. Terrance was pronounced dead at the scene from multiple gunshot wounds. Yvette Gray, a bystander, [was also] wounded by one of Appellant's gunshots.
>
> Appellant was initially tried in May of 2000, but that trial resulted in a hung jury. Accordingly, he was retried in September of that same year, after which he was convicted of the above-stated crimes and sentenced to an aggregate term of seventeen and one-half to thirty-five years' imprisonment.

*Commonwealth v. Shearer*, __A.2d__, 2147 EDA 2008 (Pa. Super. 2010) (unpublished memorandum), at 1-15 (citation omitted).

This Court affirmed Appellant's judgment of sentence on January 25, 2005. *See Commonwealth v. Shearer*, __A.2d__, 2511 EDA 2003 (Pa. Super. 2005) (unpublished memorandum), at 1-7 (citation omitted). Our Supreme Court subsequently denied *allocatur*. *Commonwealth v. Shearer*, 877 A.2d 461 (Pa. 2005). On October 4, 2005, Appellant filed his first *pro se* PCRA petition, raising several ineffective assistance of counsel claims. *See Commonwealth v. Shearer*, __A.2d__, 2147 EDA 2008 (Pa. Super. 2010) (unpublished memorandum), at 1-15 (citation omitted). On July 1, 2008, the PCRA court dismissed Appellant's petition. *See id.* On December 20, 2010, this Court affirmed the PCRA court's dismissal order. *See id.* Thereafter, our

Supreme Court denied *allocatur*. ***See Commonwealth v. Shearer***, 26 A.3d 1102 (Pa. 2011).

On September 2, 2014, Appellant filed the current PCRA petition. ***See*** Appellant's Second PCRA Petition, 9/2/14, at 1-23. Subsequently, Appellant filed two supplemental amended petitions on November 13, 2014 and August 12, 2016. ***See*** Appellant's Amended Second PCRA Petition, 11/13/14, at 1-3; Appellant's Amended Second PCRA Petition, 8/12/16, at 1-3. On September 18, 2018, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition in 20 days without holding a hearing, as the petition was untimely. ***See*** PCRA Court Order, 9/18/18, at 1; ***see also*** Pr.R.Crim.P. 907(1). Appellant filed a response on September 26, 2018. The PCRA court dismissed Appellant's petition on December 14, 2018. ***See*** PCRA Court's Order, 12/14/18, at 1. Appellant timely appealed, raising two issues.[1] However, "[c]rucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248

---

[1] Appellant raises the following issues on appeal: (1) whether the PCRA court committed reversible error by failing to conduct a hearing before dismissing Appellant's petition, and (2) whether the PCRA court committed reversible error by "fail[ing] to recognize a timely presented miscarriage of justice." ***See*** Appellant's Brief at iv.

(Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on September 19, 2005, 90 days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for writ of *certiorari* in the United States Supreme Court elapsed. *See* U.S. Sup.Ct. Rule 13. Hence, Appellant's petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petition must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2]

The statements and arguments within Appellant's *pro se* brief are disorganized and unclear. However, after reviewing his PCRA petition, as well as his *pro se* brief, we conclude that Appellant apparently relies upon the newly-discovered facts exception[3] to assert that his petition is not

---

[2] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." ***See id.*** at Comment. Appellant filed his current petition on September 7, 2014; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

[3] In Appellant's PCRA petition, he attempted to invoke the newly-discovered fact exception in part "by alleging that the Pennsylvania Supreme Court[s] decision in ***Commonwealth v. Walker***, 92 A.3d 766 (Pa. 2014) served as a newly-discovered fact[]." PCRA Court's Opinion, 3/29/19, at 4. However, Appellant's claim is waived because he failed to develop this argument in his appellate brief. ***See Commonwealth v. Luktisch***, 680 A.2d 877, 879 n.1 (Pa. 1996) (holding that an issue is waived where the defendant failed to develop an argument in his appellate brief and cited no authority). Moreover, Appellant's argument is meritless as judicial decisions are not generally considered to be new facts. ***See Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011). Finally, ***Walker*** involved the consideration of whether a trial court may permit expert testimony in the area of eye witness identification under Rule 702 of the Pennsylvania Rules of Evidence. ***See id. As*** such, it would not trigger the exception found at § 9545(b)(1)(iii).

time-barred. [4]  **See** Appellant's Brief at 6.  To properly invoke this exception, petitioners must prove that the facts upon which their claim is based were unknown to them and could not have been discovered previously through the exercise of due diligence.  **See Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008).  We conclude that Appellant failed to properly invoke this statutory exception.

In this instance, Appellant contends that during his trial, a certain Commonwealth witness, John Fuller, committed perjury.  **See** Appellant's Brief 7.  Specifically, Appellant repeatedly argues that the Commonwealth "suppress[ed]" Mr. Fuller's perjured testimony.  **See** Appellant's Brief at 1-15. However, upon review, we conclude that Appellant intended to claim that the Commonwealth "suborned" perjured testimony.  **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (explaining that this Court is "willing to liberally construe materials filed by a *pro se* litigant").  Accordingly, per Appellant, this alleged perjury constitutes a newly-discovered fact.

Notably, at trial, John Fuller identified Appellant as the shooter.  **See** Appellant's Brief at 1.  In particular, Mr. Fuller explained that, while inside his

---

[4] In the PCRA court's Rule 907 Notice, it stated that the court "construed [Appellant's] argument as a 'governmental interference' claim pursuant to 42 Pa.C.S.A. §9545(b)(1)(i)."  **See** PCRA Court Order, 9/18/18, at 1.  However, this exception applies when a governmental agent prevents a petitioner **from filing a petition or learning of the facts necessary to file a petition**. **See Commonwealth v. Barrett**, 761 A.2d 145, 148 (Pa. Super. 2000) (emphasis added). Accordingly, because Appellant does not mention any governmental interference with filing his petition, we conclude that Appellant invoked only the newly-discovered facts exception to the statutory time-bar on appeal.

home, he heard four gun shots, and then he went outside to make sure his brother and son were safe. *See id.* Thereafter, he saw Appellant rush by with a gun. *See id.* at 1-2. On appeal, Appellant makes two claims. First, Appellant argues that Mr. Fuller's testimony was false because it "did not match the 'scientific evidence'" presented at trial. *See id.* at 8. Second, Appellant asserts that Mr. Fuller falsely stated that he attended elementary school with Appellant's younger brother when in fact, Appellant "did not have a younger brother." *Id.* at 12. Appellant's argument fails for multiple reasons.

First, Appellant did not prove that the alleged perjury constitutes a newly-discovered fact. Indeed, nowhere in Appellant's brief does he state that, during his trial, he did not know or understand the substance of Mr. Fuller's testimony. To the contrary, Appellant's petition asserts that his trial counsel "rigorous[ly] cross-examin[ed]" Mr. Fuller regarding his identification of Appellant. PCRA Petition, 9/2/14, at 19. Thus, Appellant knew, **at the time of trial**, that Mr. Fuller's testimony appeared inconsistent with other evidence presented.

Second, a review of Appellant's earlier appeal indicates that Appellant knew – either at the time of trial or shortly thereafter - that Mr. Fuller testified about attending school with Appellant's younger brother. In fact, Appellant previously claimed that the trial court erred by not allowing his mother to "rebut the identification testimony of Commonwealth witness John Fuller." *Commonwealth v. Shearer*, __A.2d__, 2511 EDA 2003 (Pa. Super. 2005) (unpublished memorandum), at 4 (citation omitted). In particular, Appellant

sought to introduce testimony from his mother "to establish that she did not have a younger son." *Id.* Thus, the statements made by Mr. Fuller during his testimony do not qualify as a fact previously unknown to Appellant.

Finally, Appellant failed to file his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Because the information underlying Appellant's effort to invoke the newly-discovered facts exception was revealed to Appellant during his trial more than a decade ago, Appellant clearly has not met the statutory requirements set forth in Section 9545(b)(2).

We therefore hold that, since Appellant did not satisfy the statutory requirements for invoking the newly-discovered facts exception, he failed to overcome the PCRA's one-year time-bar. We have no jurisdiction to consider the merits of this petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/19