J-A18015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :           PENNSYLVANIA
                    :

          v.                 :
                    :
                    :

JEREMY CRUZ              :
                    :
          Appellant     :    No. 1478 WDA 2021

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0002860-2017

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:         **FILED: DECEMBER 15, 2022**

Appellant, Jeremy Cruz, appeals from the order entered on November 16, 2021, in the Court of Common Pleas of Erie County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The factual background and procedural history of the instant appeal are undisputed. Briefly, on December 12, 2017, Appellant was convicted of rape and related crimes, following a jury trial. On February 2, 2018, the trial court sentenced Appellant to an aggregate term of 14 to 28 years' imprisonment, followed by 5 years' probation.

Appellant filed a timely direct appeal, challenging the sufficiency of the evidence supporting his convictions. We affirmed. ***See Commonwealth v. Cruz***, 280 WDA 2018, unpublished memorandum (Pa. Super. filed September

6, 2019). Appellant did not file a petition for allowance of appeal with our Supreme Court.

After filing several requests for an extension of time to file a PCRA petition,[1] Appellant eventually filed the underlying petition,[2] his first PCRA petition, on January 19, 2021. On February 2, 2021, the PCRA court appointed counsel to assist Appellant through the PCRA proceedings.

On August 24, 2021, counsel filed a supplemental PCRA petition. Counsel acknowledged that the January 19, 2021 petition was facially untimely; however, counsel also noted that the petition was timely under the governmental interference exception. Specifically, counsel argued that Appellant was prevented from filing a timely PCRA petition because of the limitations in accessing the law library put in place by the prison authorities in response to COVID. Regarding the merits, counsel, relying on Appellant's own "work product," challenged the sufficiency of the evidence supporting his convictions.

The PCRA court denied relief, noting that Appellant failed to satisfactorily plead and prove the governmental exception. **See** Trial Court's Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim. 907, 10/19/21, at 5.

_____

[1] The PCRA court granted the first two requests but denied the last two, the third and fourth requests.

[2] Appellant filed a "Motion for Leave to reinstate Appellate Rights," which the lower court treated as Appellant's first PCRA petition.

J-A18015-22

Accordingly, the PCRA court denied Appellant's PCRA petition on November 16, 2021. The PCRA court and Appellant both complied with Pa.R.A.P. 1925. This appeal followed.

On appeal, Appellant raises the following question for our review:

Whether the lower [c]ourt erred in failing to find that [A]ppellant's untimely filing of his PCRA [p]etition should have been accepted as falling within the governmental interference exception to the timeliness provision of Section 9545(b) of the statute given the impact of the limitations places on [A]ppellant's access to the prison law library during the pandemic protocols put in place by the Department of Corrections, which impeded [A]ppellant's capacity to research and prepare his PCRA?

Appellant's Brief at 2.[3]

---

[3] In the argument section of his appellate brief, Appellant appears to add three additional issues for our review (*i.e.*, the PCRA court erred in not granting Appellant's request for an extension of time to file his PCRA petition, the PCRA should have "carved out a special and singular exception under the circumstances," Appellant's Brief at 5, and the PCRA court erred in not holding a hearing). To the extent they can be deemed to be questions for our review, they are waived under Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

In any event, no relief is due. Regarding the first two "issues," it is well-established that the PCRA time restrictions are jurisdictional in nature. Thus, neither the PCRA court nor our Court can extend the filing periods, unless an exception found in Section 9545(b)(1)-(iii) is satisfied. *See*, *e.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). Additionally, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling." *Id*.

Regarding the last "issue," because Appellant failed to plead and prove that the instant PCRA petition is timely, the PCRA court did not err in not holding a hearing on an untimely petition. *See Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008) (defendant was not entitled to evidentiary hearing
*(Footnote Continued Next Page)*

- 3 -

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady** claim separate from consideration of its timeliness).

---

on petition for post-conviction relief that was untimely filed, and which did not adequately allege any statutory exception to one-year limitations period for filing petition.).

As noted above, Appellant filed the instant petition on January 19, 2021, more than 15 months after his judgment of sentence became final. As such, the instant petition is facially untimely.[4]

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[5]

On appeal, Appellant essentially argues that his failure to timely file the instant petition was the result of government interference, Section 9545(b)(1)(i), and that the PCRA court erred in not recognizing that he met that exception. We disagree.

To establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of

_____

[4] The record reflects Appellant's judgment of sentence became final on October 7, 2019, at the expiration of the 30-day term to petition our Supreme Court for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant had until October 7, 2020 to file a timely PCRA petition. The instant petition, which was filed on January 19, 2021, is therefore facially untimely.

[5] Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2017.

interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. ***See Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that due to the interference of a government actor "he could not have filed his claim earlier." ***Stokes***, 959 A.2d at 310.

> The PCRA court addressed Appellant's claim as follows:
>
> [Appellant] does not explain how any alleged limited access to the prison law library during [COVID]-19 inhibited his ability to file a timely PCRA. This is so, particularly where form PCRAs are readily available to petitioners; where no research is required to complete the form PCRA, sign it, and deliver it to authorities for mailing; and where the [c]ourts are given latitude in deeming even non-conventional filings after judgments of sentence become final as PCRAs.

Trial Court's Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim. 907, 10/19/21, at 6.

Accordingly, the PCRA court concluded that Appellant failed to plead and prove the applicability of the governmental exception.[6]

---

[6] Additionally, in its Notice, the PCRA court also noted that, even if deemed timely, Appellant would not have been entitled to relief because the sufficiency of the evidence claim had already been disposed of on direct appeal. We agree. ***See*** 42 Pa.C.S.A. § 9543(a)(3) ("To be eligible for relief . . . the petitioner must plead and prove . . . (3) That the allegation of error has not been previously litigated[.])" A claim is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2). It is undisputed that the sufficiency of the evidence was raised and disposed of on direct appeal before this Court. ***See Cruz***, 280 WDA 2018, *supra*.

We agree with the PCRA court's analysis and conclusions. Indeed, Appellant generally alleges that the COVID-19 restrictions implemented by the Department of Corrections impeded the timely filing of the instant petition, providing, however, not much, if any, evidence of it.

First, Appellant does not explain what prevented him from accessing the law library from October 7, 2019 (date when judgment became final for PCRA purposes) through the beginning of March/beginning of April 2020 when the COVID-19 protocols were put in place. Appellant would have had more than five months to work on his PCRA petition before the restrictions were put in place.

Second, even by his own representations, any restrictions in accessing the law library were limited in time, and certainly did not prevent him from timely filing his PCRA petition. To this end, the PCRA court noted:

> In the motion [for extension of time to file his first PCRA petition] filed on July 17, 2020, [Appellant] advise[d] he had law library access forty-five (45) minutes per week. In the motion filed on October 13, 2020, he references a quarantine lockdown of approximately two and one half weeks commencing September 1, 2020. According to [Appellant]'s timeline, the next "shutdown" of the prison/law library did not occur until sometime in mid-November, after the one-year timeliness deadline expired on October 7, 2020.

Trial Court's Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim. 907, 10/19/21, at 5.

Finally, and equally importantly, it should be noted that Appellant did not argue that "any of the conditions of his incarceration were illegal, as

required to meet the governmental interference exception to PCRA's timeliness requirement. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws)."

***Commonwealth v. Rizvi***, 166 A.3d 344 (Pa. Super. 2017) (holding restrictions on access to prison resources does not qualify a petition for the governmental interference exception).[7]

In light of the foregoing, we conclude that Appellant failed to satisfy the governmental interference exception. Accordingly, the PCRA court properly denied Appellant's first PCRA petition.

Order affirmed.

_____

[7] In ***Rizvi***, we also noted:

> In ***Commonwealth v. Barrett***, 761 A.2d 145 (Pa. Super. 2000), a prison's restrictive housing unit policy permitted petitioner to obtain library materials only by request slips and prohibited him from seeking legal assistance from other inmates. This Court affirmed the PCRA court's rejection of petitioner's governmental interference claim based on these restrictions. We stated "although [petitioner] may not have been permitted to prepare his PCRA petition in the manner he would have wished, prison officials did not prevent him from filing his petition in accordance with the timing requirements by reason of his confinement in the [Restricted Housing Unit]."

***Rizvi***, 166 A.3d at 348, n.3.

Similarly, here, Appellant's bald allegations of an inadequate library do not permit the inference that the Department of Corrections prevented him from filing a timely PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2022